IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-10386

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES NATHANIEL THOMAS,
also known as Chuck Thomas,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth
(4:96-CR-80-E-1)

---

August 17, 1998

Before GARWOOD, JONES and WIENER, Circuit Judges.[*]

PER CURIAM:

Charles Nathaniel Thomas (Thomas) appeals his conviction, following a jury trial, on all counts of a five-count indictment, and he also appeals his sentence. We affirm.

The charges in question relate to a February 5, 1996, fire, which Thomas allegedly paid another to set, at Thomas's beauty salon, and his subsequent claim on his $75,000 fire insurance

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy covering the salon's contents at that location.  Count One alleged a December 1995 to May 1996 conspiracy by Thomas and others, in violation of 18 U.S.C. § 371, to commit the offenses of mail fraud, contrary to 18 U.S.C. § 1341, use of fire to commit the federal felony of mail fraud, contrary to 18 U.S.C. § 844(h), and damaging a building by fire contrary to 18 U.S.C. § 844(i).  Count Two alleged that on February 5, 1996, Thomas and others damaged and destroyed, and attempted to damage and destroy, by fire, a building and real property used in interstate commerce and in an activity affecting interstate commerce, namely the beauty salon and other businesses located in the same building, contrary to section 844(i) and 18 U.S.C. § 2.  Count Three alleged that on February 5, 1996, Thomas and another knowingly used fire to commit the federal felony of mail fraud, contrary to sections 844(h) and 2.  Count Four charged that on February 12, 1996, Thomas and another committed mail fraud, contrary to sections 1341 and 2, by causing certain documents to be placed in the mail to the insurance company, for the purpose of executing the scheme and artifice to defraud that company in reference to the fire loss.  Finally, Count Five alleged that on February 19, 1996, Thomas and another again committed mail fraud, contrary to sections 1341 and 2, by causing certain other documents to be mailed to Thomas's wife by the insurance company's adjuster, again for the purpose of executing the scheme and artifice to defraud the insurance company in reference to the fire loss.  Following the jury's verdict of guilty on each of the five counts, Thomas was sentenced to concurrent terms of forty-five

months on each of Counts One, Two, Four, and Five, and to a consecutive term of sixty months on Count Three, for a total of one hundred five months; concurrent three-year terms of supervised release were also imposed on each of the five counts.

## Discussion

Thomas raises the following four claims on this appeal.

1. Thomas asserts the evidence is insufficient to support his conspiracy conviction under Count One, principally claiming that the testimony of the government's witnesses, Simmon, who stated that Thomas asked him to get Parker to have the fire set, and Parker, who likewise testified that Thomas had offered him $10,000 to burn the salon and that he had hired Jenkins to do so, was contradictory and incredible as a matter of law. We reject this contention. The credibility of these witnesses was clearly for the jury. *See, e.g., United States v. Osum*, 943 F.2d 1394, 1405 (5th Cir. 1991). Nor did these witnesses materially contradict each other in respect to Thomas's role in the offense. The evidence is well more than minimally sufficient to sustain the verdict.

2. Thomas claims that the evidence is insufficient to support his conviction on Count Two, the violation of section 844(i) by burning the salon, because a sufficient nexus to interstate commerce is not shown to satisfy section 844(i) or, alternatively, that section 844(i) is invalid as applied here as being beyond Congress's power under the Commerce Clause as interpreted in *United*

3

*States v. Lopez*, 115 S.Ct. 1624 (1995).[1]  Section 844(i) as then in effect provided in relevant part:

> "(i) Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than 20 years . . . ."

The evidence showed that the purpose of the arson was to burn the salon so as to collect on the $75,000 insurance policy covering its contents.  The salon was a commercial business, located in premises leased for that purpose, situated in a commercial strip shopping center in Fort Worth, Texas, which likewise housed other commercial businesses, at least some of which were also damaged in the fire. The salon used and sold to its customers, among other things, shampoo, styling gel, and other hair styling products, some of which were manufactured by Matrix Essentials in Ohio and were shipped from there to the warehouse of a Texas wholesaler, who in turn sold them to the salon, delivering them to the salon from the warehouse.  Only a few thousand dollars worth of such Matrix products was proved up.  Thomas argues, with considerable force, that this does not demonstrate a "substantial" effect on interstate commerce.[2]

---

[1] In his initial brief, Thomas referred to Count Three, but Count Two was obviously intended (mail fraud was the jurisdictional hook in Count Three, charged under section 844(h), not any relationship of the burned property to interstate commerce), and this was corrected in his reply brief.

[2] We note than an enterprise engaged in interstate commerce may, at least to some extent, be subject to congressional protection or regulation even though its activities do not

4

Bound by *Russell v. United States*, 105 S.Ct. 2455 (1985), we must ultimately reject Thomas's attack on his Count Two conviction. *See also United States v. Nguyen*, 117 F.2d 796 (5th Cir. 1997). Were the matter *res nova*, a powerful argument could be made for the opposite result here. But *Lopez* does not purport to overrule *Russell*, and, while we will not expand *Russell* or read it broadly, *United States v. Corona*, 108 F.3d 565, 569-70 (5th Cir. 1997), if *Russell* is to be significantly narrowed or overruled that must be done by the Supreme Court, not this Court. Our reasoning here is parallel to the approach taken in the special concurrence (in which all panel members joined) in *United States v. Rawls*, 85 F.3d 240, 243-44 (5th Cir. 1996). *See also United States v. Kuban*, 94 F.3d 971, 973 n.4 (5th Cir. 1996).[3] We reject Thomas's commerce based challenge to his conviction on Count Two. This likewise requires rejection of Thomas's related challenge to his Count One conviction, as that is based on the premise that the Count Two conviction is invalid on commerce grounds, a premise which we have

---

*substantially* affect interstate commerce. *See United States v. Robertson*, 115 S.Ct. 1732 (1995).

[3]We do not accept the general thrust of the government's aggregation argument, just as we did not in *Corona*, where we noted that in its uncabined form it "would for all practical purposes grant the federal government a general police power," contrary to *Lopez*. *Corona* at 570. *Corona* was a section 844(i) case, so is controlling here. Similarly, in *United States v. Bird*, 124 F.2d 667, 676-77 (5th Cir. 1997), we rejected an uncabined "aggregation" argument, noting that "[u]nless there is something that relevantly ties the separate incidents and their effects on interstate commerce together, aside from the desire to justify congressional regulation, the government's 'class of activities' interpretation would transform Justice Breyer's *Lopez* dissent into the constitutional rule." *Bird* at 677.

rejected.

3. Thomas complains of the admission of evidence that he had participated in a 1994 insurance fraud involving a claim for water damage of equipment at his business. We apply abuse of discretion review. *See United States v. McCarty*, 36 F.3d 1349, 1353 (5th Cir. 1994). No abuse of discretion is shown. Contrary to Thomas' contention, we hold that the evidence of his involvement in this 1994 insurance claim was sufficient to permit a reasonable juror to conclude that his intent in connection therewith was criminal. We also reject Thomas's contention that the probative value of this evidence, particularly with respect to the issue of intent in the charged 1996 mail fraud offenses, did not exceed its prejudicial effect. The district court expressly found that "[t]he probative value of this evidence . . . certainly outweighs prejudice." Further, the district court gave an appropriate limiting instruction; Thomas never objected to that instruction and he did not request any other or further instruction in that regard (nor does he challenge that instruction on appeal). While Thomas complains that a brief passage in the government's jury argument below went beyond the limiting instruction, no objection thereto was made below, and reversal under the plain error doctrine is not appropriate here. We hold that no reversible error is demonstrated with respect to this complained of evidence.

4. Thomas's final contention is that the district court erred in making his Count Three (section 844(h)) sentence to imprisonment *consecutive* to the concurrent sentences on the other counts.

6

Thomas relies on the last clause of section 844(h), stating "nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the *explosive* was used or carried." (Emphasis added). He points out that the felony to which the Count Three charge related—mail fraud—did not involve any "explosive," and that none of his conduct involved explosives, but rather only fire. There are several difficulties with Thomas's argument. To begin with, it ignores the statutory words "any other term of imprisonment including." Moreover, it is contrary to the holding in *United States v. Riggio*, 70 F.3d 336, 339 (5th Cir. 1995), where we held that section 844(h) mandated that the sentence thereunder be consecutive to the sentence for the predicate felony, which involved only fire and not any explosive. And, Thomas cites no authority, and we are aware of none, which construes section 844(h) as he claims it should be in this connection. Finally, only plain error review is appropriate. Although Thomas states otherwise in his brief here, the record reflects that he did not below ever contend that his Count Three sentence did not have to be consecutive to his sentences on the other counts, and indeed he expressly recognized that it had to be. The PSR expressly noted that under section 844(h) the Count Three imprisonment sentence had to be consecutive. Thomas made many objections to the PSR, but these did not include any objection to the Count Three sentence having to be consecutive. In response to Thomas's objections, the PSR was amended by an addendum which conceded the correctness of

7

all the objections made.  At sentencing, Thomas expressly conceded that all his objections had been cured and that he had no more objections.  The district court at sentencing expressly noted, without objection by Thomas, that the Count Three sentence would have to be consecutive.  In argument on the sentence, Thomas's counsel expressly argued for a low term of years on Count Three *because* it had to be consecutive.  He asked on this basis for the then-minimum sentence of five years, and the district court obliged, imposing five years on Count Three (the then-maximum was fifteen years; section 844(h) now provides for a mandatory ten year sentence).[4]  In making the Count Three sentence consecutive, the district court, if it erred at all, certainly did not commit error which was "plainly" such.  It was not, and is not now, plain that section 844(h) does not mandate that the sentence on Count Three be consecutive.  We reject Thomas's attack on the Count Three sentence.

### Conclusion

Accordingly, the judgment of the district court is


AFFIRMED.

---

[4]Thomas's counsel argued:

". . . the Court has up to 15 years on Count 3 consecutive, and I know this Court knows the impact of a consecutive sentence on top of other concurrent sentences, and the length of time that will cause Mr. Thomas to be incarcerated.  And I would ask the Court to sentence, then, on Count 3 at the lower end of that sentence, near the five-year mandatory minimum as opposed to the upper end, because when coupled with the guideline range, that causes about a 9- to 11-year incarceration."

8